UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN MALDONADO,

                                    Plaintiff,

        -against-

OFFICER JOHN (FIRST NAME
UNKNOWN) GUNSETT (RECEPTION
AREA OFFICER WORKER); SERGEANT
JOHN (FIRST NAME UNKNOWN) ROWE
(J-BLOCK SERGEANT); JANE (FIRST
NAME UNKNOWN) MEDBURY (DEPT.
OF MENTAL HEALTH),

                                    Defendants.

21-CV-3719 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is currently incarcerated in Attica Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights when

he was confined in Green Haven Correctional Facility. By order dated June 21, 2021, the Court

granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*

(IFP).[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended

complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against three corrections staff members – Officer Gunsett, a corrections officer employed in the reception area at Green Haven Correctional Facility (Green Haven); Sergeant Rowe, a sergeant in the J-Block housing area at Green Haven; and Deputy Medbury, a deputy at the Mental Health Program of the New York State Department of Corrections and Community Supervision (DOCCS).[2] Plaintiff alleges that he does not know the first names of the defendants and refers to them as Johns and Jane, along with their last names.

The following facts are taken from the complaint. During Plaintiff's first incarceration at Green Haven in 2005, Gunsett physically and sexually assaulted him in an SHU shower. On an unspecified date, Plaintiff returned to Green Haven, and in May 2018, he was "placed on the [d]raft," after writing multiple letters to DOCCS Administration and Deputy Medbury in which he stated that he "feared for [his] life" because of the 2005 assault. (ECF 2, at 4.) Plaintiff was soon taken off the draft, and at some point Gunsett and Rowe threatened him.

On an unspecified date, while Plaintiff was at recreation, Plaintiff's cell was burned. He was sent to the J-Block housing area, where he was attacked by an inmate with a weapon. Plaintiff was then transferred to the A-Block housing area, but his property was sent to the reception area, where it was stolen by other inmates. Unidentified officers also told other inmates that Plaintiff was a snitch.

On June 17, 2018, a mentally ill inmate attacked Plaintiff, and then several unidentified corrections officers pepper sprayed and beat Plaintiff. The next day, Plaintiff was placed in a "[d]isciplinary officer cage" with the mentally ill inmate who had attacked him, and he was then

---

[2] Plaintiff identifies Deputy Medbury as an employee of the Department of Mental Health. But it appears that he is actually referring to Danielle Medbury, a Mental Health Program Specialist at DOCCS.

directed by unidentified corrections officers to fight the inmate. (*Id*.) The corrections officers again pepper sprayed and beat Plaintiff and he was then taken to SHU.

In May 2018, while Plaintiff was still in J-Block, Rowe sexually harassed Plaintiff by directing him to pull his pants and underwear down and to "show [Rowe] [him]self" so that Rowe could conduct a search on Plaintiff. (*Id*.) Rowe had previously subjected Plaintiff to several unspecified incidents of a sexual nature. After the May 2018 incident, Rowe offered Plaintiff drugs for him to stay quiet, but Plaintiff submitted complaints to PREA and told several corrections staff members of the incidents.

Plaintiff brings this complaint alleging that Defendants violated his rights under the Eighth Amendment to the Constitution. Plaintiff asserts that as a result of Defendants' conduct, he sustained physical, mental, and emotional injuries, including nightmares and lack of sleep for which he has had to take medication for the past three years. Plaintiff seeks money damages.

## DISCUSSION

Plaintiff brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his rights under the Eighth Amendment while he was at Green Haven. To state a claim under section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A.     Defendants' Personal Involvement

In a section 1983 action, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held

liable under section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Iqbal*, 556 U.S. at 676 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names Officer Gunsett, Sergeant Rowe, and Deputy Medbury as Defendants, but it is not entirely clear that he has viable claims against these defendants. In particular, Plaintiff does not allege any facts showing how Defendant Medbury was personally involved in the alleged violations. In addition, although he makes allegations suggesting that Officers Gunsett and Rowe were involved in several of the incidents giving rise to his claims, the allegations do not make clear that Plaintiff is entitled to relief against these defendants. The Court therefore grants Plaintiff leave to amend his complaint allege facts sufficient to state viable constitutional claims against each defendant as discussed below.

**B.    Statute of Limitations**

The statute of limitations for section 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *See* N.Y. C.P.L.R. § 214(5). Under federal law, claims generally accrue when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013).

Plaintiff's claims arise out of separate incidents occurring in 2005 and 2018 at Green Haven. He claims that Gunsett physically and sexually assaulted him in a shower in 2005, and he

filed the complaint in April 2021, more than a decade after the alleged events occurred.[3] Plaintiff's 2005 assault claim against Gunsett therefore appears to be time-barred.

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011)*; see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal under 28 U.S.C. § 1915(d) on statute of limitations grounds). A district court should grant notice and opportunity to be heard, however, before dismissing a complaint *sua sponte* on statute of limitations grounds. *Abbas*, 480 F.3d at 640.

Although Plaintiff's 2005 assault claim appears to be time-barred, he may file an amended complaint, as provided below, that includes the 2005 claim. If Plaintiff includes the claim, he must also plead facts showing that equitable tolling of the limitations period applies. "Generally, a litigant seeking equitable tolling [of the statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). New York law also establishes by statute circumstances in which the limitations period may be tolled. *See, e.g.*, N.Y.C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order); *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately

---

[3] Under the "mailbox rule," *pro se* prisoner filings are deemed "filed" on the date they are delivered to prison officials. *See Noble v. Kelly*, 246 F.3d 93 (2d Cir. 2001). Plaintiff does not allege when he gave the complaint to prison officials for mailing, but he signed the complaint on April 21, 2021, and the Court received it on April 26, 2021.

determined to be non-arbitrable); *id.* at § 207(3) (defendant is outside New York at the time the claim accrues); *id.* at § 208 (plaintiff is disabled by infancy or insanity).

## C.   Assaults

Plaintiff alleges that he was subjected to physical and sexual assaults while he was confined in Green Haven. Because Plaintiff was a convicted prisoner at the time of the events described in the complaint, his assault claims arise under the Eighth Amendment to the United States Constitution. *See Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015).The Eighth Amendment prohibits the imposition of "cruel and unusual punishments," U.S. Const. Amend. VIII, and bars the "unnecessary and wanton infliction of pain," *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (internal quotation marks and citation omitted).

To establish a constitutional claim of excessive force under the Eighth Amendment, a plaintiff must allege facts that satisfy two elements. *See Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992). First, a plaintiff must allege that the use of force was "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Thus, "[n]ot every push or shove . . . violates a prisoner's constitutional right." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) (internal quotation marks and citation omitted). Generally, the force used must be a "deliberate use of force" that is both "excessive and unjustified." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). Second, a plaintiff must plead facts suggesting that the officer who used force acted "maliciously and sadistically" to cause the "unnecessary and wanton infliction of pain." *Hudson*, 503 U.S. at 7-8. Generally, "the test for wantonness 'is whether the force was used in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Harris v. Miller*, 818 F.3d 49, 63 (2d Cir. 2016) (quoting *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003)).

1.      **Alleged assault by Gunsett in 2005**

Plaintiff alleges that in 2005, Officer Gunsett physically and sexually assaulted him. Prison officials are proscribed under the Eighth Amendment from physically and sexually abusing prisoners. *See Boddie*, 105 F.3d at 859, 861; *Vaughn v. Strickland*, ECF 1:12-CV-2696, 20, 2013 WL 3481413, at *3 (S.D.N.Y. Jul. 11, 2013). To determine whether a prison official has violated an inmate's Eighth Amendment rights by committing a sexual assault, "the principal inquiry is whether the contact is incidental to legitimate official duties . . . or by contrast whether it is undertaken to arouse or gratify the officer or humiliate the inmate." *Crawford v. Cuomo*, 796 F.3d 252, 258 (2d Cir. 2015).

Plaintiff does not provide sufficient factual details concerning Gunsett's assault on him to establish a facially plausible that Gunsett violated his rights under the Eighth Amendment. The Court therefore grants him leave to amend the complaint to allege facts suggesting that Gunsett unlawfully used excessive force against and sexually abused him. Plaintiff must state what Gunsett did to violate his rights. In addition, as discussed above, he must also allege facts showing that the 2005 assault claim should be equitably tolled.

2.      **Corrections Officers' use of pepper spray**

Plaintiff alleges that, on June 17 and 18, 2018, unidentified officers pepper sprayed and beat him: the corrections officers first pepper sprayed Plaintiff on June 17, after he had an altercation with a mentally ill inmate who had attacked him, and then, the following day, corrections officers pepper sprayed Plaintiff after placing him in the same disciplinary cell with the mentally ill inmate and directing the two inmates to fight.

A corrections officer's use of pepper spray may constitute an unnecessary and wanton infliction of pain in violation of the Eighth Amendment. *See Tracy v. Freshwater*, 623 F.3d 90, 98–99 (2d Cir.2010) ("infliction of pepper spray" may have "a variety of incapacitating and

painful effects, and as such, its use constitutes a significant degree of force") (internal citation omitted); *Alston v. Daniels*, No. 15-CV-669 (CSH), 2015 WL 7257896, at *4 (D. Conn. Nov. 17, 2015) ("In the Second Circuit, a prison guard's use of a chemical agent . . . on an inmate may, under certain circumstances, constitute unnecessary and wanton infliction of pain in violation of the Eighth Amendment."). While Plaintiff's assertions concerning the use of pepper spray against him may state viable claims, he does not name the corrections officers who sprayed him as defendants, and he alleges no facts suggesting that the three defendants he does name should be held responsible for his being pepper sprayed.

The Court therefore grants Plaintiff leave to amend his complaint to detail his claims concerning his being pepper sprayed, and to name as defendants the individuals who were personally involved in those events.

**D.      Strip Searches**

Plaintiff also claims that Sergeant Rowe sexually harassed him by conducting an improper strip search in May 2018. That allegation may be construed as a claim under the Fourth Amendment, the protections of which "extend to prisoners and pretrial detainees." *Holland v. City of New York*, 197 F. Supp.3d 529, 542 (S.D.N.Y. June 24, 2016) (citing *Bell v. Wolfish*, 441 U.S. 520, 545 (1979)).

"Regardless of who performs the search, a visual body cavity search . . . is invasive: 'A strip search that involves a stranger peering without consent at a naked individual, and in particular at the most private portions of that person's body, is a serious invasion of privacy.'" *Harris v. Miller*, 818 F.3d 49, 58 (2d Cir. 2016) (quoting *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318, 344-355 (2012) (Breyer, J., dissenting)). While corrections officials can conduct "random searches" of inmates without having "reason to suspect a particular individual of concealing a prohibited item," *Florence*, 566 U.S. at 328, such searches

must be "reasonably related to legitimate penological interests." *Turkmen v. Hasty*, 789 F.3d 218, 260 (2d Cir. 2015). Searches that involve intentional humiliation, abuse, or invasive touching may also violate the Fourth Amendment. *Florence*, 566 U.S. at 339; *see also George v. City of New York*, Nos. 12-CV-6365, 13-CV-3511, 13-CV-3514 (PKC) (JLC), 2013 WL 5943206, at *7-8 (S.D.N.Y. Nov. 6, 2013) (where prisoners alleged that strip searches were performed to humiliate and to "make a spectacle" of them, they have adequately pled a Fourth Amendment claim) (internal quotation mark omitted).

Further, although the sexual abuse of a prisoner by a corrections officer may state a constitutional claim, *Boddie*, 105 F.3d at 860-61 (2d Cir. 1997); *see also Crawford v. Cuomo*, 796 F.3d 252, 260 (2d Cir. 2015), allegations that a corrections officer threatened sexual assault or harassed an inmate, but did not initiate physical contact, generally fail to state a cognizable claim under section 1983); *Jones v. Rock*, No.12–CV–0447, 2013 WL 4804500, at *19, n.10 (N.D.N.Y. Sept. 6, 2013) (stating that allegations that the defendant threatened sexual assault, without allegations of actual abuse, failed to state a cognizable claim under § 1983); *Vaughn*, 2013 WL 3481413, at *3 (noting that courts are reluctant to find an Eighth Amendment violation "[e]ven where inmates allege aggressive or inappropriate behavior during strip searches"); *Vogelfang v. Capra*, 889 F. Supp. 2d 489, 508 (S.D.N.Y. 2012) (noting that the court "found no case in which a plaintiff had established an actionable claim of sexual harassment under *Boddie* without having physical contact with the alleged perpetrator"). Sexual contact that is incidental to a legitimate pat frisk is permissible, but a search undertaken to gratify the officer or humiliate the inmate violates the Eighth Amendment. *See Crawford*, 796 F.3d at 257–58.

Plaintiff's description of Rowe's actions – that he made Plaintiff pull down his pants and underwear to "show him myself" (ECF 2, at 4) – is not sufficient to state a claim for relief, even

when coupled with his assertions that Rowe had previously similarly harassed him. Plaintiff does

not allege that the strip search or searches, which he perceived as sexual harassment or abuse,

involved any inappropriate physical contact, that Rowe inflicted or caused him physical harm, or

that he actually faced a serious threat of harm. Plaintiff is granted leave to amend his complaint

to allege facts concerning each incidents, should any exist, that suggest that Rowe had any

inappropriate contact with him, exposed him to a significant risk of harm, or conducted the

search to humiliate Plaintiff or to gratify himself.

**E.    Exposure to Harm**

Plaintiff asserts that, when he was placed at Green Haven in May 2018, he "feared for

[his] life" because of Gunsett's 2005 assault. (ECF 2, at 4.) He further alleges that he was

"placed on the draft" as a protective measure after he submitted letters to Deputy Medbury and

other corrections officials, and when he was taken off, Gunsett and Rowe threatened him and

unidentified corrections officers told other inmates that he was a snitch. (*Id*.) He suggests that, as

a result of these actions, his cell was burned, his property was stolen, and he was attacked by a

mentally ill inmate. Plaintiff further asserts that he was placed in a "[d]isciplinary officer cage"

with that inmate and that corrections officers ordered them to fight. (ECF 2, at 4.)

Generally, claims of verbal abuse, threats, and intimidation standing alone, without injury

or damage, do not amount to a constitutional deprivation. *See Purcell v. Coughlin*, 790 F.2d 263,

265 (2d Cir. 1986) (name-calling without "any appreciable injury" is not a constitutional

violation); *Jones v. Harris*, 665 F. Supp. 2d 384, 396 (S.D.N.Y. 2009) ("It is well-settled that

verbal harassment by a corrections officer, inexcusable though it be, does not rise to the level of

a constitutional violation."); *Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) ("verbal

harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate,

unprofessional or reprehensible it might seem,' does not constitute the violation of any federally

protected right and therefore is not actionable under 42 U. S. C. § 1983"). But allegations that an inmate is placed in physical danger as a result of the spread of rumors may state a claim for relief. *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001) (recognizing that "labeling an inmate a snitch has the potential for great harm and may violate constitutional guarantees" under certain circumstances); *Bouknight v. Shaw*, 2009 WL 969932, at*4 (S.D.N.Y. Apr. 6, 2009) ("[A] prisoner can state a claim under the Eighth Amendment against a corrections officer who spreads malicious rumors about him if the rumors 'incited other inmates to assault [the plaintiff] . . . , thereby placing him at grave risk of physical harm.'") (citation omitted). While the creation of a significant risk of serious harm violates the constitution "whether or not an attack actually occurs," *Montero v. Crusie*, 153 F. Supp. 2d 368, 377 (S.D.N.Y. 2001), vague or generalized allegations that a prisoner fears assault, without any plausible factual basis for concluding that a substantial risk of harm exists, are insufficient to state a claim,  *see Dawes v. Walker*, 239 F.3d 489, 494 (2d Cir. 2001) (affirming dismissal of Eighth Amendment claim based on officer's attempt to incite inmates to attack plaintiff where complaint was devoid of factual allegations showing that plaintiff actually faced serious threat); *Best v. City of New York*, No. 11-CV-4475, 2012 WL 5458054, at *7 (S.D.N.Y. Nov. 8, 2012) ("Fear of assault, by itself, does not constitute a sufficiently serious injury to state a claim for failure to protect").

Here, Plaintiff's assertions concerning the 2005 assault and corrections officials initially taking protective measures suggest that he may have had a plausible basis for believing that a serious threat existed. Further, Gunsett's and Rowe's threats coupled with corrections officers labeling him a snitch, may state a constitutional claim if these actions exposed Plaintiff to harm from other inmates, such as the attack on Plaintiff. But Plaintiff fails to allege sufficient facts to suggest that Medford was deliberately indifferent to a substantial risk of harm to him or that

Gunsett's, Rowe's, or other corrections officers' actions caused the other inmates to burn his cell, take his property, and attack him.

Plaintiff is granted leave to amend his complaint to allege facts, should any exist, suggesting that Gunsett, Rowe, or other corrections officers did more than simply threaten and call him names. Plaintiff must allege facts suggesting that the corrections officers provided information or spread rumors to other inmates, which created a risk to his safety by inciting the other inmates to act against and harm him. He must also allege facts suggesting that Medford was deliberately indifferent to his risk of harm.

### LEAVE TO AMEND

The Court grants Plaintiff leave to file an amended complaint alleging more facts about his claims. Plaintiff must name as the defendants in the caption[4] those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption section of the form. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" in the caption section on the first page of the amended complaint. Any defendants named in the caption must also be discussed in the "Statement of Claim."

[5] The naming of "John Doe" or "Jane Doe" defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" or "Jane Doe" defendants and amending his complaint to include the identity of any "John Doe" or "Jane Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-3719 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   August 2, 2021
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**AMENDED**
**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                          Middle Initial                     Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                                      State                          Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                  Zip Code

Defendant 2:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                  Zip Code

Defendant 3:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                  Zip Code

Defendant 4:

First Name                    Last Name                         Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                            State                  Zip Code

## V.      STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____          _____
Dated                                                   Plaintiff's Signature

_____
First Name                      Middle Initial            Last Name

_____
Prison Address

_____
County, City                                  State                      Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:   _____