UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EDWIN MALDONADO,                        :
          Plaintiff,                :
                             :
v.                                      :
                             :    **ORDER**
OFFICER JOHN GUNSETT, et al,,           :
          Defendants.               :    21 CV 3719 (VB)
------------------------------------------------------------x

Plaintiff, proceeding pro se and in forma pauperis, brings claims under 42 U.S.C. § 1983 for violations of his constitutional rights.

On November 10, 2021, the Court directed the Attorney General to ascertain the identities of the thirteen John and Jane Doe defendants plaintiff sought to sue in his amended complaint and provide such information to plaintiff and the Court by January 10, 2022. (Doc. #9).

By letter dated January 10, 2022 (Doc. #14), the Attorney General identified seven of the thirteen John and Jane Doe defendants, but advised the Court it was unable to identify the remaining six John Doe defendants—namely, John Doe defendants (2) through (7). According to the Attorney General, the remaining John Doe defendants are alleged to have been involved in incidents that took place in 2005, and the Department of Corrections and Community Supervision ("DOCCS") "does not routinely maintain staffing information dating back to 2005." (Id.)

On January 19, 2022, plaintiff filed a second amended complaint—docketed on January 31, 2022—that included additional identifying information regarding the remaining John Doe defendants. (Doc. #15).

On January 31, 2022, the Court directed the Attorney General to ascertain the identities of the remaining John Doe defendants, based upon the additional identifying information alleged in plaintiff's second amended complaint, and provide such information to plaintiff and the Court. (Doc. #18).

By letter dated March 21, 2022, the Attorney General now updates the Court that it remains unable to ascertain the identities of the remaining John Doe defendants because the "logbooks" and "daily chart sheets" that would have provided those identities have since been destroyed pursuant to DOCCS policy. (Doc. #22).

Having reviewed the Attorney General's submissions, the Court is not yet satisfied the Attorney General has taken all reasonable and appropriate means to ascertain the identities of the remaining John Doe defendants, such that it "is clear discovery would not uncover the[ir] identities." Valentin v. Dinkins, 121 F.3d 72, 75 (2d Cir. 1997). For example, the Attorney

1

General has not represented whether it has taken any reasonable and appropriate measures to ascertain the identities of the remaining John Doe defendants aside from searching for documents created during the relevant time period, such as, for example, consulting with defendant Gerard Guiney, the one John Doe defendant allegedly involved in the 2005 incident that the Attorney General was, in fact, able to identify.

Accordingly, it is HEREBY ORDERED:

1.    To the extent it has not already done so, the Attorney General shall take any additional reasonable and appropriate measures to ascertain the identities of the remaining John Doe defendants.

2.    By **May 23, 2022**, the Attorney General shall submit a status update regarding its efforts to ascertain the identities of the remaining John Doe defendants. The Attorney General's letter shall set forth all the steps the Attorney General has taken to ascertain the identities of the remaining John Doe defendants, and whether any further steps or discovery could help in ascertaining those identities.

Chambers will mail a copy of this Order to plaintiff at the address on the docket.

Dated: March 21, 2022
       White Plains, NY

                                          SO ORDERED:

                                          Vincent L. Briccetti
                                          United States District Judge

2