Copy mailed  & emailed by chambers 5-5-26 DH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
EDWIN MALDONADO,                          :
                                          :
                    Plaintiff,            :           **ORDER OF DISMISSAL**
                                          :
v.                                        :           21 CV 3719 (VB)
                                          :
EVELYN DIAZ, FLOYD NORTON,                :
ANTHONY WELLS, DEPUTY DANIELLE            :
MEDBURY, C.O. KEITH CHASE, SGT.           :
RALPH ROHL,                               :
                                          :
                    Defendants.           :
-------------------------------------------------------------x

Briccetti, J.:

At a case management conference held on January 7, 2026, which plaintiff attended in-person, and by Order dated the same day, the Court directed plaintiff, who is proceeding pro se, and counsel for defendants to appear for a pre-motion conference on February 26, 2026, with respect to defendant's anticipated motion for summary judgment.  (Doc. #174).  Plaintiff failed to appear at the February 26, 2026, conference without excuse or explanation.  The Court was not able to reach plaintiff by telephone.  By Order dated February 26, 2026, the Court reminded plaintiff that "his failure to appear at a scheduled court conference may constitute failure to prosecute or to comply with a court order and may result in dismissal of this action under Fed. R. Civ. P. 41(b)" and warned him that "if he failed to comply with this Order he risks having his case dismissed."  (Doc. #176).

In the February 26, 2026, Order plaintiff was also directed to submit a letter by March 12, 2026, explaining the reason for his absence at the pre-motion conference.  (Doc. #176).  Plaintiff failed to submit a letter.  Accordingly, by Order dated March 13, 2026, the Court scheduled a status conference for March 31, 2026.  In the March 13 Order, plaintiff was again warned that if

1

he failed to appear at the March 31, 2026, conference without excuse or explanation, the Court might deem his failure to be an abandonment of the case and might dismiss the action for failure to prosecute or comply with Court orders.  (Doc. # 177).

Plaintiff failed to appear at the March 31, 2026, conference, without excuse or explanation.  As a result, by Order dated April 1, 2026, the Court directed plaintiff to submit a letter by April 28, 2026, explaining the reason for his absence at the February 26 and March 31 conferences.  (Doc. #178).  The Court also scheduled a further status conference for May 5, 2026.  The Court issued a warning to plaintiff that if he failed to appear at the May 5 conference, the Court "will deem his failure to appear an abandonment of the case."  Plaintiff once again failed to submit a letter explaining his absences and he also failed to appear at the May 5 conference.

In short, despite the Court's repeated warnings, plaintiff failed to appear at the February 26, March 31, and May 5, 2026, conferences or submit letters explaining his absence.  Moreover, each of the above-referenced Orders was mailed to plaintiff at the address on the docket and emailed to him at the email address he provided the Court, and the Court has not received any return mail or other indication that the plaintiff did not receive these Orders.  Plaintiff has also repeatedly been warned to notify the Court if his address changed (Docs. ##4, 9, 11, 16, 18, 46, 50, 61, 75) and has notified the Court of previous address changes.  Thus, it appears plaintiff has abandoned this case.

The Court has considered all of the factors set forth in <u>Baptiste v. Sommers</u>, 768 F.3d 212, 216 (2d Cir. 2014), for determining whether dismissal under Rule 41(b) is appropriate. Plaintiff has failed to comply with multiple court orders and has not communicated with the Court or appeared at several court conferences since January 2026.  He was on notice that failure

to comply would result in dismissal.  Defendants are likely to be prejudiced by further delay because (i) they are all public employees who have faced serious allegations of misconduct for more than five years concerning events that allegedly occurred no recently than seven years ago, and (ii) plaintiff's continued delays have compromised defendants' ability to defend themselves both by delaying their motion for summary judgment and the inevitable fading of memories over time.  The Court has an obvious interest in maintaining its docket in a fair and efficient manner, while also taking into account plaintiff's interest in receiving a fair chance to be heard, but plaintiff has abandoned his chance to be heard.  The Court has also considered a sanction less drastic than dismissal.

Having considered these factors, Court finds that dismissal of this case is the appropriate sanction under Rule 41(b).  The Court further finds that plaintiff's complete disregard of the Court's numerous orders and warnings demonstrates a willful disregard of his obligations to prosecute the case, as well as serious fault on plaintiff's part.  Plaintiff's repeated failure to take advantage of the multiple opportunities provided to him to pursue his case also demonstrates that any lesser sanction would be ineffective.  However, given plaintiff's pro se status and the fact that, at least at the beginning of this case, he was an incarcerated prisoner, and that his claims in large part survived defendants' prior motion to dismiss under Rule 12(b)(6), the Court believes dismissal without prejudice is appropriate under the circumstances.[1]

---

[1]    The Court acknowledges that dismissal without prejudice in this case would likely operate, in effect, as a dismissal with prejudice.  This is because the applicable statute of limitations here is three years and a dismissal without prejudice would not toll the limitations period.  Therefore, because plaintiff's complaints allege incidents that occurred no later than 2019, "dismissal of these claims without prejudice would appear to render them time-barred." Romano v. Laskowski, 2024 WL 4635227, at *4 (2d. Cir. Oct. 31, 2024).

3

**CONCLUSION**

For the foregoing reasons, this case is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and comply with court orders.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  Cf. Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk is instructed to close this case.

Chambers will mail a copy of this Order to plaintiff at 1063 Ward Ave #4D, Bronx, NY 10472, and will provide a copy by email to plaintiff at jessamyshani78@gmail.com.

Dated:  May 5, 2026
        White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

4